IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> GOLD, INC. d/b/a SAMMY'S ) <br> GENTLEMEN'S CLUB, ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> _____) | CIVIL ACTION NO. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq., ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (male), failure to preserve employment records as required by law, and to provide appropriate relief to James Sharp, who was adversely affected by such practices. As alleged with greater particularity below, Defendant Gold, Inc. d/b/a Sammy's Gentlemen's Club (referred to herein as "Defendant") subjected Sharp, who attempted to apply for a Bartender position at Defendant's Fort Walton Beach,

Florida establishment to discrimination on the basis of sex. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying men employment because of their sex in violation of Title VII. Additionally, Defendant failed to retain applications and related documents, in violation of the record-keeping requirements of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed in Okaloosa County, Florida, within the jurisdiction of the United States District Court for the Northern District of Florida.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

2

4. At all relevant times, Defendant has been doing business in the State of Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this law suit, Sharp filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On December 29, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and that Defendant had failed to maintain records as required by law and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission attempted to engage in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On March 2, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Count I-Failure to Hire

11. Since at least October 2015, Defendant has engaged in unlawful employment practices at its Fort Walton Beach, Florida establishment in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a)(2), and 2000e-3(a). Specifically, Defendant subjected Sharp, who applied for a Bartender position, to discrimination on the basis of sex (male).

    a) Defendant advertised online for available bartending and server positions during the September and October 2015 timeframe. The advertisement informed interested persons to visit Defendant's establishment to apply.

    b) On October 5, 2015. Sharp visited Defendant's establishment and attempted to apply for a Bartender position. Sharp spoke with Defendant's manager who informed Sharp that Defendant did not hire male Bartenders.

    c) At the time of his application, Sharp possessed bartending and management experience.

    d) Despite Sharp's qualifications, Defendant prohibited Sharp from

4

>   obtaining an application for the Bartending position and Sharp was not selected for a position. Defendant subsequently hired at least two females for bartending positions at its Fort Walton Beach, Florida establishment.
>
>   e) Between January 1, 2015 and December 31, 2015, Defendant employed seventeen (17) females and no males in Bartender positions.

12. The effects of the practices complained of in Paragraph eleven (11) above has been to deprive Sharp of equal employment opportunities because of his sex.

## Count II-Recordkeeping Violation

13. Since at least October 5, 2015, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed by Defendant. Records which Defendant has unlawfully failed to retain include, but are not limited to, employment applications, including the applications and/or resumes of male applicants.

>   a) As part of its application process, Defendant requires all applicants to complete a written application form provided by Defendant's Fort Walton Beach, Florida establishment.

b) Defendant maintains employment applications from applicants only through the interview process.

c) Defendant's practice is to destroy employment applications for all individuals who do not progress beyond the interview phase of the application process.

14. The unlawful employment practices complained of in paragraphs eleven (11) through thirteen (13) above were and are intentional.

15. The unlawful employment practices complained of in paragraphs eleven (11) through thirteen (13) above were done with malice or with reckless indifference to the federally protected rights of Sharp.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatory hiring practices by refusing to hire males for employment because of their sex, and any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole James Sharp, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring, and, where appropriate, front pay and instatement.

D. Order Defendant to make whole James Sharp by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph eleven (11) through thirteen (13) above, including relocation expenses and job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole James Sharp by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph eleven (11) through thirteen (13) above, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish and humiliation, in amounts to be determined at trial.

F. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

G. Order Defendant to pay to James Sharp punitive damages for its malicious and reckless conduct described in paragraph ten above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: June 29, 2017.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

8

_/s/ Marsha L. Rucker_
MARSHA L. RUCKER (PA Bar # 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2046
Facsimile: (205) 212-2041